**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Case No. 20-mj-132-AJ-1

Ghislaine Maxwell

**Public Access Findings**

**I.    Background**

This hearing is taking place during the public health emergency caused by the COVID-19 outbreak. All parties to this proceeding, including the court, are appearing remotely via video. In light of the anticipated volume of public and media interest and the operational/capacity limitations of videoconference technology, public and media access to the proceeding will be via telephonic conference. The court's protocols for this hearing are laid out in Standing Order 20-7 (Mar. 23, 2020).[1] The court finds that conducting this hearing via video — under the unique circumstances presented by the COVID-19 pandemic — is the best way to ensure the safety of the litigants, court personnel, and the public at large. All findings made in the court's prior standing orders are

---

[1] Standing Order 20-7 was extended to August 1, 2020 by Standing Order 20-21 (June 17, 2020).

1

incorporated herein.  See Standing Orders 20-5 (Mar. 20, 2020) and 20-21 (June 17, 2020).[2]

The hearing held today will be an initial appearance and removal hearing for defendant Ghislaine Maxwell.  Today's hearing has been noticed as a video hearing.  In the event defendant consents to proceed, the court makes the findings below.

Before convening this video/telephone hearing, the court carefully considered the defendant's Sixth Amendment right to public court proceedings and the public's and press's First Amendment rights to in-person access to such proceedings.  See Bucci v. United States, 662 F.3d 18, 22 (1st Cir. 2011) (citing Waller v. Georgia, 467 U.S. 39, 48 (1984)); Press-Enter. Co. v. Superior Court of California, Riverside Cty., 464 U.S. 501, 509-10 (1984).  This Order details my findings.

## II.  **Partial Rather Than Total Closure**

The court first finds that this video hearing constitutes a partial, rather than total, closure of these proceedings.  The court so finds because the goals of public access will still be achieved: this proceeding is not being held in secret and the public, including members of the press, maintains the

---

[2] All the court's Standing Orders regarding the COVID-19 outbreak can be found here: http://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19.

opportunity to access this proceeding in real time.  See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593-97 (1980) (Brennan, J., concurring) (discussing the functions of public access to court proceedings, including ensuring that procedural rights are respected and that justice is afforded equally, maintaining public confidence in the administration of justice, promoting accurate fact-finding, and enabling the public to act as a check on judicial power); see also Bucci, 662 F.3d at 22 (discussing benefits of openness in criminal proceedings).  Under the extraordinary circumstances presented by the continuing COVID-19 pandemic, the court finds this partial closure is necessary.

III. **Findings in Support of Necessity for this Partial Closure**

A. **First, the court finds that protecting the health and safety of the public and the parties to this proceeding from the spread of COVID-19 is a substantial interest that would be jeopardized and prejudiced if the court did not impose this partial closure.**

Since the first announced case in New Hampshire on March 2, 2020, the state has reported 5,802 confirmed cases of COVID-19.[3] So far, 373 deaths have been attributed to the disease in this

---

[3] COVID-19, N.H. Dep't of Health and Human Servs., https://www.nh.gov/covid19/ (last visited 12:00 p.m. July 2, 2020); Explore the Data: Tracking COVID-19 in New Hampshire, N.H. Pub. Radio, https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-testing-new-hampshire#stream/0 (last visited 12:00 p.m. July 2, 2020).

state.  Further, in New Hampshire approximately 3,475 people are being monitored for signs of COVID-19 infection, over 120,307 total tests have been reported (both positive and negative test results), and community-based transmission has been confirmed.[4] Nationally, the number of confirmed cases has grown to over 2,797,737, with 130,984 cases resulting in death.[5]

Given the contagious nature of the virus and the exponential growth in cases, COVID-19 presents an enormous danger to the health and safety of the public, including the litigants, security, and court personnel involved in this proceeding.  The court's interest in preventing the spread of COVID-19 and preserving the health of all hearing participants, including the public, is a weighty and substantial interest that would likely be prejudiced if the court were not to impose this partial closure.  See United States v. Smith, 426 F.3d 567, 572-73 (2d Cir. 2005) (finding that U.S. Marshal's policy after September 11th of requiring unknown visitors to court to produce photo identification constituted partial closure of courtroom

---

[4] COVID-19, N.H. Dep't of Health and Human Servs., https://www.nh.gov/covid19/ (last visited 12:00 p.m. July 2, 2020); Explore the Data: Tracking COVID-19 in New Hampshire, N.H. Pub. Radio, https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-testing-new-hampshire#stream/0 (last visited 12:00 p.m. July 2, 2020).

[5] Real Clear Politics, https://www.realclearpolitics.com/ (last visited 12:45 p.m. July 2, 2020).

that was justified by substantial interest of promoting security and preventing terrorism).

**B. Second, the court finds that this partial closure of court proceedings is narrowly tailored to protect public health and safety and is less restrictive than the court's current in-court hearing protocols.**

Allowing the public to access these proceedings through telephone conference allows a large number (up to 500) of members of the public to access the proceedings while, at the same time, protecting the health of all involved by limiting the potential exposure of the public, parties, and court staff to COVID-19.

Importantly, the court finds that, in light of the court's current restrictions on the number of people permitted in the courtroom, providing public telephonic access is less restrictive than holding an in-person hearing which only a limited number of people can attend.  Further, via telephone, even individuals who would have otherwise been prohibited from entering the courthouse — for example, people who have tested positive for COVID-19 — now have access (even though virtual) to the proceedings.  See Standing Order 20-9 (Mar. 20, 2020) (prohibiting certain individuals from entering the courthouse, including people diagnosed with or exposed to someone diagnosed with COVID-19).  Providing the public access to this proceeding via telephone is the least restrictive means of protecting the

5

substantial interest of public health and safety.  See United States v. Alimehmeti, 284 F. Supp. 3d 477, 490 (S.D.N.Y. 2018) (granting partial closure of courtroom to protect identity of undercover agents: courtroom was closed to public during undercover agents' testimony but audio of testimony was live-streamed into different courtroom during partial closure and transcripts of testimony were made available to public promptly).

**C. Third, the court has considered reasonable alternatives to this partial closure.**

The court has considered alternatives to this partial closure and finds they are neither reasonable nor feasible under the circumstances of the COVID-19 pandemic and this case, particularly the necessity that this hearing be conducted promptly.

**IV. Conclusion**

In sum, the court finds that in this case a partial closure of court proceedings is necessary in that today's hearing will be conducted by video and telephone conference.  This partial closure is justified by the substantial interest of protecting public health and safety from the spread of COVID-19 and is narrowly tailored to protect that interest.  The public maintains the opportunity to access these proceedings in full by telephone.

6

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

July 2, 2020

cc: Counsel of record